UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LEONARD L. TAYLOR, )
 )
 Petitioner, )
 )
v. ) Nos. 3:12-CR-65
 ) 3:13-CV-444
UNITED STATES OF AMERICA, )
 )
 Respondent. )

# MEMORANDUM AND ORDER

Petitioner, Leonard L. Taylor ("Taylor" or "petitioner"), and a co-defendant, Kenneth Norman, were charged in a superseding indictment with conspiring to distribute 100 grams or more of heroin. Petitioner ultimately entered into a plea agreement with the United States[1], and on January 19, 2013, was sentenced to 135 months of imprisonment.[2] Petitioner filed no appeal.

On July 29, 2013, petitioner filed a motion to filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 68]. He later filed a motion to supplement the § 2255 motion [Doc. 72].

**The Plea Agreement**

Petitioner's plea agreement recited that from late 2010 through June 18, 2012, petitioner and others conspired to distribute at least 700 grams of heroin.[3]

According to the plea agreement, petitioner maintained multiple residences in Georgia which he used as locations from which to distribute heroin, as well as to store heroin, guns, and

---

[1] Doc. 40
[2] Judgment, Doc. 64
[3] Doc. 40, ¶¶ 3(a), (b)

1

money.[4]  The plea agreement also recited that Petitioner told law enforcement agents that the co-defendant Norman worked for him, and therefore he agreed that his Base Offense Level would be increased pursuant to the 'manager enhancement' of USSG § 3B1.1(c).[5]

Because a search executed at one of petitioner's residences revealed a firearm in addition to heroin, petitioner acknowledged in the plea agreement that his Base Offense Level would be increased by two levels as a result of the firearms enhancement set out in USSG § 2D1.1(b)(1).[6] Petitioner acknowledged in his plea agreement that since he had a prior drug conviction, the offense with which he was charged (and to which he was pleading guilty) was a minimum and mandatory ten years imprisonment up to a possible maximum term of life.[7]

As noted in the presentence report ("PSR"), petitioner's base offense level was 30.[8] Petitioner was assigned two additional points for possessing a weapon,[9] another two points for maintaining a residence to distribute the heroin,[10] and another two points for being a manager of the criminal activity.[11]  A total of three points were subtracted for acceptance of responsibility.[12] Thus, petitioner's net offense level was 33.

Although petitioner had a lengthy criminal history, it was such that no criminal history points were assigned.[13]  Therefore, his criminal history category was I.[14]  Based on a total offense level of 33 and a criminal history category of I, his guideline range was 135 to 168

---

[4] Doc. 40, ¶ 3(a)
[5] Doc. 40, ¶ 3(c)
[6] Doc. 40, ¶ 3(b)
[7] Doc. 40, ¶ 1
[8] USSG § 2D1.1
[9] PSR, ¶ 17
[10] PSR, ¶ 18
[11] PSR, ¶ 20
[12] PSR, ¶¶ 24, 25
[13] PSR, ¶¶ 29-38
[14] PSR, ¶ 39

months.[15] As noted previously, the Court sentenced petitioner to 135 months which was the bottom of the guideline range and 15 months above the statutory minimum sentence.

Lastly, petitioner agreed that he waived any right to pursue a direct appeal and to file any motions under 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct.[16]

**Petitioner's Claims**

Petitioner argues that his attorney was ineffective by:

(1) Failing to negotiate a valid plea agreement;
(2) Failing to zealously represent petitioner during the entire proceeding;
(3) Failing to file written objections to the PSR;
(4) Failing to seek a variance or departure prior to sentencing;
(5) Failing to object to any of the sentencing enhancements sought by the government;
(6) Failing to challenge application of the enhancements attributable to maintaining a residence for the purpose of distributing heroin and for being a manager of the charged criminal activity;
(7) Coercing him into pleading guilty; and
(8) Failing to file an appeal notwithstanding he requested his attorney to do so.

**Law**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. §2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in

---

[15] PSR, ¶ 64
[16] Doc. 40, ¶ 10

3

the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4. When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)(citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also United States v. Cappas, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a §2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

4

Even if an attorney did render ineffective representation, a § 2255 petitioner must show that he was prejudiced thereby before he is entitled to relief, *United States v. Hynes*, 467 F3d. 951, 970 (6th Cir. 2006).

**Analysis**

1. *Failing to negotiate a valid plea agreement*

This claim defies understanding. The plea agreement is facially valid; it was signed by petitioner, his attorney, and the attorney for the government. It addresses every matter required by the applicable rules of criminal procedure. Petitioner never elaborates on this particular argument. It is conclusory, says essentially nothing, and therefore must be denied, *O'Malley*, *supra*. If he is arguing that he had a right to dictate the terms of the plea agreement, he is mistaken. He has no constitutional right to force upon the government a plea agreement with which the latter disagrees; *see, Weatherford v. Bursey*, 429 U.S. 545, 561 (1971)

2. *Failing to object to the PSR; failing to object to any of the enhancements sought by the government; failing to object to the enhancements attributable to maintaining a residence to distribute heroin and for being a manager of a criminal activity; failing to represent Petitioner zealously*

These four claims make the same argument, albeit in different ways. Thus they will be discussed together.

As an initial matter, objecting to the enhancements would have been tantamount to objecting to the entire plea agreement itself. The plea agreement explicitly recited that petitioner *agreed* that his base offense level *shall* be increased pursuant to the firearms enhancement, and that he *agreed* that his base offense level *shall* be increased pursuant to the manager enhancement contained in USSG § 3B1.1(c).[17] Although the plea agreement did not explicitly state that petitioner agreed to the USSG § 2B1.1(b)(12) enhancement for maintaining a premises

---

[17] All emphasis applied

5

Case 3:12-cr-00065-RLJ-MCLC   Document 82   Filed 06/03/16   Page 5 of 10   PageID #: 338

to distribute illegal drugs, Petitioner admitted in the plea agreement that he committed that offense.

To what could counsel have objected, since petitioner explicitly agreed that his offense level would be increased by four levels because of his managerial role in the conspiracy and his possession of a weapon? To what could counsel have objected about petitioner's maintenance of a premises from which to distribute heroin in light of his admission in the plea agreement that he did that very thing? Counsel was not ineffective for failing to object to the non-objectionable. *Mapes v. Coyle*, 171 F3d. 408, 427 (6th Cir. 1999).

On page 14 of his motion, petitioner says that his attorney "never advised him that enhancements could be entered and/or sought by the government." That statement is an obvious falsehood since he stated in the plea agreement that he agreed that his offense level **shall** be increased by the firearm and manager enhancements.

Also on page 14 of his motion, petitioner says that his sentence of 135 months was "four times [greater than] his mandatory minimum sentence and more than is maximum total sentence." The Court cannot fathom how petitioner arrived at this conclusion. His minimum mandatory sentence was 120 months, which was plainly stated in paragraph one of the plea agreement. And, to state the obvious, a finite sentence of 135 months is less than a sentence of life.

Petitioner argues that the facts upon which each of these three enhancements were applied were "elements of the crime" and never presented to the grand jury which violated *United States v. Alleyne*, 133 S. Ct. 2151 (2013). First, *Alleyne* cannot apply retroactively to cases which were final before *Alleyne* was decided; *see, In Re Mazzio*, 756 F.3d 487 (6th Cir. 2014), and *Rogers v. United States*, 2014 WL 1272121, 6th Cir. 2014. The judgment in this case

6

Case 3:12-cr-00065-RLJ-MCLC   Document 82   Filed 06/03/16   Page 6 of 10   PageID #: 339

was filed January 9, 2013, and *Alleyne* was decided on June 17, 2013. Second, *Alleyne* only applies to facts found by the judge which increase the statutory penalties. Finding that petitioner did those things which triggered the three enhancements had no effect on petitioner's statutory penalty range of ten years to life.

Even if petitioner's attorney failed to advise him of the sentencing enhancements which were to be applied (ignoring, of course, the undeniable evidence in the plea agreement that he was aware of those enhancements), he cannot show any prejudice since those enhancements would have applied had he gone to trial. *See, Guess v. United States*, 191 F.3d 452 (6th Cir. 1999). The only means by which petitioner could have avoided those enhancements would have been an outright acquittal after a trial, and petitioner does not argue that he did not distribute over 100 grams of heroin. *Guess*, supra. Moreover, had he gone to trial and been found guilty, he would not have received the three-level reduction for acceptance of responsibility.

These claims have no merit.

*3. Coercing petitioner to plead guilty*

Petitioner claims that he wanted to discuss the plea agreement with his family before signing it, but his attorney refused, saying that it had to be returned to the prosecutor right away. He also claims that he believed that he would receive a sentence of 87 months, never being told that enhancements would be applied.

As discussed earlier, the very first paragraph of the plea agreement recited the petitioner's sentence was a minimum and mandatory ten years. He never explains how he believed his sentence would be only 87 months. Moreover, this Court advised petitioner of the minimum and maximum sentence he confronted if he pleaded guilty.[18]

---

[18] Courtroom Minutes for change of plea hearing, Doc. 43.

His assertion that he was denied an opportunity to discuss the plea agreement with his family strains credulity to the breaking point. He signed the plea agreement on September 13, 2012, but did not appear before this Court to formally enter his change of plea until September 24. He had 11 days to mull over what he had done and what he intended to do, and to discuss it with his family. He solemnly told this Court on September 24 that he was guilty and that the recitations in the written plea agreement were true. This claim has no merit.

*4. Failing to seek a variance or downward departure*

Petitioner argues that his attorney was ineffective because he "failed to seek a variance due to [Petitioner's] acceptance of responsibility." [19] He goes on to say that this was his first and only federal offense; he took responsibility immediately; he suffered from a substance abuse disorder, troubled child history, low self-esteem, and addictive personality disorder; and that he "a great husband and loving father."[20]

Petitioner received due allowance for his acceptance of responsibility; three levels were deducted from his Offense Level Computation for acceptance of responsibility. As for the other matters asserted by Petitioner which he claims could have persuaded the court to grant a downward departure (or variance), Petitioner presents no facts to show that his childhood was troubled; or that he had or has low self-esteem; or that he has an addictive personality disorder; or that he was a great husband an loving father. [21] But assuming these conclusory and unsupported allegations are true, this court would not have granted a downward departure or a variance. The court sentenced Petitioner to the very bottom of his Guideline Range, which was the minimum necessary to reflect the seriousness of his offense, to promote respect for the law,

---

[19] Doc. 68, p.16
[20] Doc. 68, p. 20
[21] He told the probation officer that he had never been married, and he also told the officer that he had no emotional or mental health issues. See, PSR, ¶¶ 54, 57.

and to provide a deterrence to further criminal conduct, 18 U.S.C. §3553 (a)(1)(6). Nothing in Petitioner's motion, even if wholly true, would have warranted a downward departure. That being so, counsel's failure, assuming there was one, was not prejudicial, and therefore he is not entitled to relief under 28 U.S.C. § 2255.

    *5. Counsel's failure to file a direct appeal*

Notwithstanding that petitioner explicitly waived his right to appeal, and notwithstanding that his attorney has filed an affidavit stating the petitioner never requested him to file an appeal,[22] the law in this Circuit requires an evidentiary hearing. *See, Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012), *Pola v. United States*, 778 F.3d 525, 532-33 (6th Cir. 2015).

## Order Regarding Petitioner's Original Motion, Doc. 68

Petitioner's motion and the records of this case conclusively show that Petitioner is entitled to no relief, and he is entitled to no evidentiary hearing, on the claims raised by him, except for his claim that his lawyer failed to file an appeal after being asked to do so. Therefore, all his claims, with that one exception, are DENIED.

Petitioner is granted an evidentiary hearing on his claim that he instructed his attorney to file an appeal, which his attorney failed to do. This single issue is REFERRED to Magistrate Judge Dennis Inman who will conduct an evidentiary hearing and thereafter file a Report and Recommendation regarding this specific claim. Magistrate Judge Inman may issue any orders he deems necessary to fulfill his responsibility under this order of reference.

---

[22] Doc. 70-1

9

Case 3:12-cr-00065-RLJ-MCLC  Document 82  Filed 06/03/16  Page 9 of 10  PageID #: 342

## Order Regarding Petitioner's Motion To Supplement, Doc. 72

This motion merely re-states the arguments Petitioner set forth in his § 2255 motion, as well as asking for an evidentiary hearing. His request for an evidentiary hearing is granted with respect to the sole issue of whether his attorney ignored his instructions to file an appeal, but for no other reason. Petitioner's motion to supplement, doc. 72, is DENIED as redundant and unnecessary.

SO ORDERED:

s/Leon Jordan  
UNITED STATES DISTRICT JUDGE