UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| LEONARD L. TAYLOR, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:12-CR-65 |
| | ) | | 3:13-CV-444 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

By Memorandum And Order filed as Document 82, the District Judge ordered that the Magistrate Judge conduct a hearing on one specific issue raised by Leonard L. Taylor ("petitioner"), in his § 2255 motion: Whether or not petitioner instructed his attorney, Mr. Russell T. Greene ("Greene"), to file an appeal subsequent to his sentencing which Greene failed to do.

Attorney James Varner, Jr. ("Varner") was appointed to represent petitioner at the hearing which was scheduled for July 19, 2016. Several days prior to the hearing, Varner talked to his client who told him that he had not claimed, and was not now claiming, that he told Greene to file an appeal of his sentence. Varner promptly communicated that bit of distressing news to the Magistrate Judge.

At the hearing on July 19, petitioner was placed under oath, after which he unequivocally testified that he was withdrawing the claim that he instructed his attorney Greene, to file an appeal of his sentence. That testimony generated further questions and answers, which can be summed up as follows:

1

Petitioner's 2255 motion was prepared by a fellow inmate whose first name was Sean; that Sean prepared petitioner's motion for $40.00 worth of goods at the prison commissary; that Sean prepared § 2255 motions for other prisoners in addition to petitioner; this particular claim (that Greene did not file an appeal) was inserted into petitioner's § 2255 motion by "Sean" on his own volition and without petitioner's knowledge; and notwithstanding that he signed the motion, petitioner did not read it before it was sent to the Court by Sean.

In light of petitioner's testimony as paraphrased above, it is recommended that his remaining claim of ineffective assistance of counsel based on Greene's failure to file an appeal be DENIED.[1]

It is acknowledged that what follows is beyond the scope of the Court's order of reference, but nevertheless the Magistrate Judge feels it necessary to make the following observations:

Under Sixth Circuit law, petitioner's baseless allegation necessarily put in motion the process that surely cost the taxpayers tens of thousands of dollars, not to mention a waste of valuable time. The United States Marshal Service expended time, effort and money to bring petitioner back to this district; the United States Attorneys' Office had to devote resources and attorney-time to this needless hearing; attorney Varner was appointed to represent petitioner, and Varner must be paid; attorney Russell Greene was required to absent his private practice to testify at the hearing; court personnel, who needed to attend to other pressing business, had to prepare for and then participate in this futile exercise; lastly and admittedly leastly, this Magistrate Judge drove 45 miles to preside over a hearing precipitated by a spurious claim in a § 2255 motion prepared by an inmate who charged a fee for so doing.

---

[1] The Court instructed that all testimony and statements of the attorneys and the Magistrate Judge be typed and filed in the record of this case.

One final matter: Although petitioner should be given some credit for admitting before the hearing that the claim was false, the fact remains that he signed the motion immediately beneath preprinted language which recited that he "[d]eclared under penalty of perjury that the foregoing is true and correct."

In the opinion of this Magistrate Judge, the integrity of the judicial system requires that sanctions be imposed against Mr. Taylor, or "Sean," or both of them. However, that, too, may be an exercise in futility, amounting to "good money thrown after bad." Therefore, again acknowledging that this Magistrate Judge was only to report upon whether Greene failed to heed his client's instructions to file an appeal, no recommendation is made regarding whether or not sanctions should be imposed or, if so, against whom.

In conclusion, it is REPORTED that petitioner never instructed attorney Greene to file an appeal; it was a false allegation. It is therefore RECOMMENDED that petitioner's remaining claim of ineffective assistance of counsel in his § 2255 motion, *viz.*, that Greene failed to file an appeal although petitioner instructed him to do so, be DENIED.[2]

DATED: July 26, 2016.

Respectfully submitted,

                                                  s/Dennis H. Inman
                                         UNITED STATES MAGISTRATE
                                                      JUDGE

---

[2] Any objection to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 USC §636(b)(1).